IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KUESTAN JALAL MAHMOOD                          Case No. 3:13-cv-01598-MA

               Plaintiff,                 OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

             Defendant.

PHYLLIS J. BURKE
3800 NE Sandy Blvd. Ste. 226
Portland, OR 97232

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

GERALD J. HILL
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Kuestan Jalal Mahmood seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  For the reasons that follow, I reverse and remand for an immediate calculation and award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff protectively filed an application for SSI on October 30, 2009, alleging disability beginning April 19, 2009, due to weakness, cough, and depression.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff filed a request for a hearing before an administrative law judge (ALJ).  An ALJ held a hearing on December 21, 2011, at which plaintiff appeared with her attorney and testified.  A vocational expert, Amberly Ruck, also appeared at the hearing and testified.  On January 5, 2012, the ALJ issued an unfavorable decision.  The Appeals Council denied plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Born in 1968, plaintiff was 41 years old on the date of the ALJ's adverse decision.  Plaintiff is an Iraqi-Kurdish woman who immigrated to the United States in 1997.  Plaintiff speaks English

as a second language.    Plaintiff received a civil engineering degree in Iraq and an associate's degree in computer technology in the United States.    Plaintiff has past relevant work as a caregiver, cashier, and grocery bagger.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520; 416.920. Each step is potentially dispositive.    The claimant bears the burden of proof at steps one through four.    *See Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).    At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: a chronic cough, depression, gait ataxia, and anemia. At step three, the ALJ found that plaintiff's impairments, or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform a limited range of medium work in that plaintiff can lift 50 pounds occasionally and 25 pounds frequently; she can stand, walk, and sit for at least six hours in an eight hour day; she should not work at unprotected heights or around hazardous machinery; she should not be required to balance on narrow beams; she should avoid concentrated exposure to noxious fumes and odors; she is limited to occasional interaction with coworkers and the public; and she should not perform any work requiring verbal reports because of her limited English skills.

At step four, the ALJ found plaintiff is unable to perform any past relevant work. At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that plaintiff can perform, such as a night cleaner and dishwasher/kitchen helper. Accordingly, the ALJ concluded that plaintiff has not been under a disability under the Social Security Act from October 20, 2009 through the date of the decision.

## ISSUES ON REVIEW

On appeal to this court, plaintiff contends the ALJ committed the following errors: (1) failed to properly evaluate the opinions of treating physician J. Mark Kinzie, M.D., Ph.D., and examining physician Jill Glazewski, M.D.; (2) failed to properly evaluate

plaintiff's testimony; (3) failed to include in the RFC environmental limitations described by nonexamining physicians Martin Kehrli, M.D., Richard Alley, M.D., and Paul Rethinger, Ph.D.; and (4) the ALJ failed to properly evaluate the lay testimony of plaintiff's brother Aram Mahmood.

### STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Ryan v. Commissioner Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of

the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

**DISCUSSION**

I.  **The ALJ Did Not Properly Evaluate the Treating and Examining Physicians' Medical Opinions**

    A.  **Standards**

In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn*, 495 F.3d at 631 (internal quotations omitted)(alterations in original); 20 C.F.R. § 416.927(c). To reject the uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

If the treating physician's opinion is contradicted, the ALJ must consider how much weight it is entitled to considering the factors in 20 C.F.R. § 416.927(c)(2-6). The factors include the length of the treatment relationship, the frequency of examination,

the nature and supportability of the opinion, and its consistency with other evidence in the record as a whole. 20 C.F.R. § 416.927(d)(2-6); *Ghanim*, 763 F.3d at 1161.

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Taylor v. Commissioner Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Id.*

### B.    J. Mark Kinzie, M.D., Ph.D.

Plaintiff argues that the ALJ failed to provide sufficient reasons for discounting the opinion of J. Mark Kinzie, M.D., Ph.D. Dr. Kinzie is plaintiff's treating psychiatrist through the Intercultural Psychiatric Program at Oregon Health & Science University (OHSU). Dr. Kinzie treated plaintiff from 2006 through 2011, diagnosing her with Major Depressive Disorder, severe, non-psychotic. Dr. Kinzie has treated plaintiff with a variety of anti-depressant medications with little success. Dr. Kinzie's treatment notes frequently describe plaintiff as depressed, tearful, without hope, noting that she suffers from insomnia and occasional suicidal ideation, and consistently assigned a GAF of 50.[1]

---

[1]The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. A GAF of 41-50 indicates serious symptoms (suicidal

Dr. Kinzie submitted two opinions in connection with plaintiff's social security application. In a December 8, 2011 letter, Dr. Kinzie opined that plaintiff is unable to work. Tr. 350. In a December 15, 2011 letter, Dr. Kinzie opined that plaintiff meets the criteria of Listing 12.04, indicating that she has moderate restrictions of activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties maintaining concentration, persistence and pace. Tr. 351-52. Dr. Kinzie explained that plaintiff is isolated socially, and is withdrawn even within her family, and that she avoids going out in public, and when she does, is accompanied by her mother. Tr. 351. Dr. Kinzie also noted that plaintiff has difficulty controlling her emotions, is overly sensitive to criticism, and would have considerable difficulty interacting appropriately with co-workers and supervisors. Tr. 351. Dr. Kinzie explained that plaintiff has remarkably slowed speech, movement, and cognition, has difficulty persisting, and her concentration is impaired because she is easily overwhelmed. Tr. 352.

Dr. Kinzie also opined that plaintiff would have difficulty maintaining regular attendance, that any increase in mental demands would cause plaintiff to decompensate, and that she would likely be

---

ideation, severe obsessional rituals frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., few friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders IV (DSM-IV) p. 31-34 (4th ed. 2000).

absent from work more than two days per month due to her condition. Tr. 352-54.

Because Dr. Kinzie's opinion was contradicted,[2] the ALJ was required to provide specific and legitimate reasons, backed by substantial evidence, to reject his opinion. *Bayliss*, 427 F.3d at 1216. In the decision, the ALJ gave Dr. Kenzie's opinion "little weight" because: (1) it is inconsistent with plaintiff's activities of daily living (ADLs); (2) the limitations described by Dr. Kinzie are inconsistent with plaintiff's ability to work as her father's caregiver until his death in 2009; and (3) the severity of limitations Dr. Kinzie describes are inconsistent with treatment notes from OHSU showing that plaintiff has been searching for work and that her depression stems from her inability to find work. Having carefully reviewed the record, I conclude that the ALJ's reasoning falls short.

---

[2]Joshua J. Boyd, Psy.D., a nonexamining psychologist, completed a Psychiatric Review Technique form on July 16, 2010, opining that plaintiff's major depressive disorder causes only mild restrictions in her activities of daily living, maintaining social functioning, and maintaining concentration, persistence and pace. Tr. 279-91. Dr. Boyd also noted that plaintiff was grieving her father's death, and that the severity of her symptoms was not expected to persist. Tr. 291. Dr. Boyd's opinion was affirmed on reconsideration. Tr. 85-89. Plaintiff contends that the ALJ should have applied the clear and convincing standard to reject Dr. Kinzie's opinion because Dr. Boyd's opinion is not supported by substantial evidence. Because the ALJ's reasoning fails to reach even the less rigorous specific and legitimate standard, resolution of this issue is unnecessary.

A claimant's ability to engage in daily activities that are incompatible with the severity of symptoms described by a treating physician is an appropriate basis upon which to discredit that opinion. *Ghanim*, 763 F.3d at 1162; *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-02 (9th Cir. 1999)(inconsistency between a treating physician's opinion and a claimant's daily activities a specific and legitimate reason to discount the treating physician's opinion); *Batson*, 359 F.3d at 1196. However, none of the ADLs performed by plaintiff exceed the limitations described by Dr. Kinzie. In his December 2011 opinion, Dr. Kinzie indicated that plaintiff has moderate difficulties with ADLs, explaining that plaintiff is able to perform some simple household chores, but plaintiff relies upon her mother for assistance because plaintiff spends a great deal of time in bed due to depression, fatigue, and insomnia. *Id.*

Dr. Kinzie's opinion is wholly supported by the record. While plaintiff reported performing simple household chores such as limited cooking, cleaning, laundry, she consistently reported that completing such tasks takes a long time, and that she performs them infrequently. Tr. 178, 193. Additionally, plaintiff consistently reported grocery shopping and attending her doctors' appointments with her mother's assistance. Tr. 178, 259-60, 268. And, Dr. Kinzie's treatment notes repeatedly reflect that plaintiff had difficulty sleeping and frequent fatigue. Tr. 248, 252, 255, 320,

326, 327, 329, 330-31, 335, 337.    I conclude the ALJ's
determination that Dr. Kinzie's opinion is inconsistent with
plaintiff's ADLs is not supported by substantial evidence, and
therefore, does not provide a specific or legitimate basis to
reject his opinion. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th
Cir. 2012).

Plaintiff's ability to act as her father's caregiver is not a
specific or legitimate reason to reject Dr. Kinzie's opinion when
viewed in the context of the entire record.    Here, plaintiff
reported acting as her father's caregiver for only three hours per
day, five days a week.    Tr. 170.    And, plaintiff consistently
described that she performed these activities with assistance from
her mother, and that she was responsible for reading the English on
her father's paperwork and medication instructions while her mother
was responsible for the physical tasks.    Tr. 57-58.    Plaintiff's
ability to serve as her father's caregiver for 15 hours a week with
assistance from her mother is not inconsistent with the moderate
limitations in ADLs described by Dr. Kenzie.    Thus, the ALJ erred
in rejecting Dr. Kinzie's opinion on this basis.

A conflict between treatment notes and a treating provider's
opinions may constitute an adequate reason to discredit that
opinion. *Ghanim*, 763 F.3d at 1161.    Here, the ALJ discounted Dr.
Kinzie's opinion finding that OHSU treatment notes show that
plaintiff was looking for employment and that plaintiff's

depression stemmed from her inability to find employment, citing Exhibit 10F. Exhibit 10F consists of treatment notes from Behjat Sedighi, QMHP, a Kurdish/English speaking counselor at the Intercultural Psychiatric Program at OHSU who counseled plaintiff from 2006 to 2011, and concurred with Dr. Kinzie's December 2011 opinion. Tr. 301-317, 354. A December 11, 2008 treatment note indicates that plaintiff has been unsuccessful in finding employment, and that she resists "looking for less demanding jobs in lower level" because plaintiff finds it "degrading." Tr. 309. And, a February 5, 2008 note reflects that plaintiff resists working in a lower job. Tr. 312. Contrary to the ALJ's finding, there is no indication in either Bejhat Sedighi's or Dr. Kinzie's treatment notes showing that plaintiff continued job searching after 2008. *See Ghanim*, 763 F.3d at 1164 (ALJ may not cherry-pick statements in physician's evaluations, but must consider entire diagnosis and observations of impairment); *Holohan v. Masanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)(ALJ may not rely on selective statements pulled from physician's treatment notes; instead ALJ must examine "overall diagnostic picture"). Indeed, after plaintiff's alleged onset date, Behjat Sedighi's notes, like those of Dr. Kinzie, repeatedly reflect that plaintiff experienced severe symptoms, including profound depression, low self-esteem, tearfulness, hopelessness and ongoing stress due to her unemployment and financial situation. Tr. 305, 307-08. More

12 - OPINION AND ORDER

importantly, Dr. Kinzie attributed plaintiff's poor motivation and lack of follow-through with seeking employment as secondary to her depression. Tr. 248-49, 340, 352. Because the ALJ's determination is not supported by substantial evidence, the ALJ has failed to provide sufficient, specific or legitimate reasons to reject Dr. Kinzie's opinion, I conclude the ALJ has erred.

### C.    Jill Glazewski, M.D.

Plaintiff contends that the ALJ erred in failing to credit the opinion of Jill Glazewski, M.D., an examining physician who performed a comprehensive psychiatric evaluation on May 31, 2010. Tr. 266-70. Dr. Glazewski observed that on a recall test, plaintiff only was able to recall one of three, her responses to serial 7s were slow, and her ability to spell "world" forward and backward was "slowed considerably given her level of education." Tr. 266. Dr. Glazewski diagnosed plaintiff with Major Depressive Disorder, without psychotic features. Dr. Glazewski offered the following opinion about plaintiff's ability to work:

> Based on mental health status there are barriers that interfere with her functional capacities to perform work activity. These barriers include her depressed mood, her psychomotoric slowing, her cognitive slowing, her lability and extreme tearfulness. These barriers are likely to impair her ability to complete detailed and complex tasks. They are also likely to impair her ability to interact with coworkers and the public, and impair her consistency in the workplace and her ability to complete tasks as well as a workday or workweek.

The ALJ gave "some weight" to Dr. Glazewski's opinion that plaintiff is limited in her ability to interact with coworkers and

the public, but discounted Dr. Glazewski's opinion because: (1)
plaintiff was able to obtain an associate's degree in computer
technology in 2005, and that her symptoms have not worsened since
2005; and (2) plaintiff was able to act as her father's caregiver
until his death in 2009.

While plaintiff did complete her two-year associate's degree
in 2005, she did so some four years prior to her alleged onset date
and it is unclear from the record whether plaintiff attended school
full time or part time.   And, contrary to the ALJ's conclusion,
plaintiff's depression became more severe after 2005.   To be sure,
in November of 2006, plaintiff sought treatment for her depression
at the OSHU clinic, where she reported to counselor Behjat Sedighi
that her depression had worsened over the previous six to seven
months, with increased feelings of anhedonia, hopelessness, poor
appetite, very poor sleep, and insomnia.   Tr. 343.   Dr. Kinzie's
initial November 22, 2006 psychiatric evaluation similarly reflects
that plaintiff struggled with depression her entire adult life but
she reported increased depression and hopelessness after being
unsuccessful in finding employment following completion of school
in 2005.   Tr. 248.   Dr. Kinzie's notes show that plaintiff went to
the unemployment department "at times" for job interviews, but that
plaintiff lacked motivation, had no friends, and stayed at home.
Tr. 248.   Thus, I conclude that discounting Dr. Glazewski's opinion
because plaintiff  completed school in 2005 and her symptoms had

not increased, is not supported by substantial evidence in the record.

And, as discussed above with respect to Dr. Kinzie, I conclude that plaintiff's ability to act as a caregiver for 15 hours a week in her home with the assistance of her mother is not a specific and legitimate reason to discount Dr. Glazewski's opinion. Therefore, I conclude that the ALJ has erred by failing to provide sufficient, specific and legitimate reasons backed by substantial evidence to reject Dr. Glazewski's opinion.

In summary, I find it significant that the medical providers who have examined plaintiff consistently endorsed severe depressive symptoms that effect plaintiff's social functioning and concentration, persistence and pace. Rather than addressing the severity of plaintiff's symptoms in these areas of concern, the ALJ has focused on limited, weak evidence of plaintiff's activities of daily living. Indeed, the ALJ's focus on plaintiff's ability to handle a limited amount of daily chores inside her home and to leave her house with the assistance of her mother over the opinion of her treating psychiatrist (Dr. Kinzie) with five years of evaluations, and an examining physician (Dr. Glazewski) noting similar limitations, is erroneous. To be sure, the vast weight of the record, aside from the limited quantum of supporting evidence cited by the ALJ, demonstrates that plaintiff suffers from severe depression, with marked limitations in her ability to handle

15 - OPINION AND ORDER

working at an acceptable pace for an entire workweek.    In short, the ALJ failed to cite specific and legitimate reasons, supported by substantial evidence to discount the opinions of Drs. Kinzie and Glazewski.

## II.    Plaintiff's Testimony

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis.    20 C.F.R. § 416.929.    The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged.    *Molina*, 674 F.3d at 1112; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage of the credibility analysis, absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms.    *Carmickle v. Commissioner Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim*, 763 F.3d at 1163; *Tommasetti*, 533 F.3d at 1039.    Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's

16 - OPINION AND ORDER

daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence. *Ghanim*, 763 F.3d at 1163; *Tommasetti*, 533 F.3d at 1039.

Plaintiff testified at the hearing that she received a two year degree as an engineering technician and worked part time before being forced to leave Iraq in 1998. Once in the United States, plaintiff testified that she has worked few jobs for short periods of time, such as McDonald's, but was let go because she did not work fast enough. Tr. 55-56. Plaintiff also testified that she worked as her father's caregiver for about 18 months until her father died in April of 2009. Plaintiff stated that she received help from her mother to care for her father, and that her mother did the physical parts of the job, and that she assisted with taking her father to doctors' appointments and reading medication instructions. Tr. 57-58. Plaintiff testified that she is not as quick mentally or physically as she was before her father's death. Plaintiff described that she cannot afford medication for her asthma, she receives food stamps, and lives in public assistance housing.

Plaintiff testified that she cries four or five times a day, and that she lies down alone in her room for several hours each day due to her depression. Tr. 61. Plaintiff stated that she has severe anemia, which also contributes to her fatigue. Plaintiff testified that she goes grocery shopping with her mother, who is 65

17 - OPINION AND ORDER

years old, and that her mother must carry the groceries when they
are heavy because she is too weak and tired.  Tr. 69.

In the decision, the ALJ found plaintiff only partially
credible..  The ALJ discredited plaintiff's testimony because: (1)
she has not received any regular medical treatment; (2) she
traveled to Iraq in October 2009; and (3) plaintiff's unemployment
is due to the poor economy and her unwillingness to be
underemployed.    The ALJ's reasons fail to reach the clear and
convincing level.

An "unexplained, or inadequately explained, failure to seek
treatment" may be the basis for an adverse credibility finding.
*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However, lack of
medical treatment due to an inability to afford medical treatment
does not support an adverse credibility determination.  *Orn*, 495
F.3d at 638.  Here, the ALJ noted that plaintiff had not taken
advantage of low cost or free clinics, and discounted her
testimony.  The ALJ's reasoning is flawed.

Plaintiff's primary reason for seeking disability is for her
mental impairment, not her physical impairments, and to that end
plaintiff has regularly sought treatment for her depression through
Dr. Kinzie and Behjat Sedighi at the OHSU clinic, which is
available to her due to her immigrant status.  Therefore, contrary
to the ALJ's conclusion, plaintiff was taking advantage of low-cost
clinics available to her for treatment of her most severe

18 - OPINION AND ORDER

condition.  Tr. 60.  Thus, on the record before me, the ALJ's first reason is not supported by substantial evidence.

I also conclude that plaintiff's ability to travel to Iraq in 2009 is not inconsistent with her limitations.  Here, plaintiff alleges that she is limited physically by weakness, cough, fatigue and limited mentally by depression – none of which is inconsistent with long-distance air travel.  *Cf. Tommasetti*, 533 F.3d at 1040 (discrediting claimant in part because his travel to Venezuela was inconsistent with his alleged low back pain and mobility restrictions).  The ALJ erred in discrediting plaintiff on this basis.

Lastly, as detailed above, substantial evidence does not support the ALJ's finding that plaintiff's unemployment is due to plaintiff's unwillingness to be underemployed or the economy. Plaintiff testified that she was terminated for working to slowly when employed by McDonald's.  Moreover, Dr. Kinzie opined that plaintiff's lack of motivation and follow through with seeking employment was secondary to her depression.  Therefore, after carefully reviewing the record as a whole, I conclude that the ALJ has erred by failing to cite clear and convincing reasons, backed by substantial evidence, for discrediting plaintiff's testimony.

Because the errors identified are outcome determinative, I decline to address plaintiff's remaining errors.

////

19 - OPINION AND ORDER

## III. **Remand**

After finding the ALJ erred, this court applies a three part test to determine whether the case should be remanded for further proceedings, or to calculate and award benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), *Vasquez*, 572 F.3d at 593; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when these three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020.

Where, after evaluating the record as a whole, there are serious doubts that the claimant is, in fact, disabled, the court may exercise its discretion and remand the case for further administrative proceedings. *Id.* at 1021; *Connett v. Barnhart*, 340 F.3d 873, 876 (9th Cir. 2003).

Here, all the conditions of the credit-as-true rule are satisfied. First, the record has been fully developed and there is no need for further administrative proceedings. Second, the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Kinzie and assigning only some weight to Dr. Glazewski's opinion, and for discrediting plaintiff's testimony. Third, if Drs. Kinzie and Glazewski's opinions are credited as true

20 - OPINION AND ORDER

the ALJ would be required to find plaintiff disabled at either Step Three or Step Five on remand. *Garrison*, 759 F.3d at 1022; *Holohan*, 246 F.3d at 1211.

Indeed, Dr. Kinzie opined that plaintiff has suffered from Major Depressive Disorder for at least two years, and that she has marked limitations with social functioning and concentration, persistence and pace, thus satisfying the "A" and "B" criteria of Listing 12.04. Also, Dr. Kinzie opined that plaintiff would miss two or more days each month due to her depressive symptoms. Tr. 354. Dr. Glazewski similarly opined that plaintiff's depressive symptoms would impair her ability to complete tasks in a regular workday or workweek. Tr. 270. The VE testified that if a person was absent from work for two or days a month, competitive employment would be precluded. Tr. 76. The VE also testified that a person who works at a 75 percent pace compared to that of an average employee, or needed extra rest breaks each day, would be precluded from competitive employment. Tr. 75. Therefore, there are no outstanding issues that require resolution.

Lastly, considering the record as a whole and the Commissioner's arguments, I have no basis to doubt that plaintiff disabled under the Act. Therefore, the proper remedy is to remand for calculation of benefits. *Garrison*, 759 F.3d at 1022-23.

////

////

21 - OPINION AND ORDER

## CONCLUSION

For the reasons stated above, the Commissioner's final decision denying benefits to plaintiff is REVERSED and this proceeding is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this ___14___ day of OCTOBER, 2014.

Malcolm F. Marsh
United States District Judge